In re: **CAPTAIN BLYTHER'S, INC., Debtor,**

**City of Martinez, Third-party-plaintiff—Appellee,**

v.

**New Hampshire Insurance Company, Third-party-defendant—Appellant.**

No. 03–17309.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 3, 2005.

Sean Conley, Esq., Gibbons & Conley, Walnut Creek, CA, for Third–party–plaintiff–Appellee.

Scott M. Reddie, Esq., McCormick Barstow Sheppard Wayte and Carruth, Fresno, CA, for Third–party–defendant–Appellant.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM *

New Hampshire Insurance Company appeals the district court's decision reversing the bankruptcy court's order granting summary judgment in New Hampshire Insurance Company's favor. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We reverse the district court's decision and remand the case to the district court with instruction that it affirm the bankruptcy court's opinion.

■ We agree with the Appellant that *Sterling Builders Inc. v. United National Ins. Co.*, 79 Cal.App.4th 105, 93 Cal. Rptr.2d 697 (Ct.App.2000) and *Mirpad v. California Ins. Guarantee Assoc.*, 132 Cal. App.4th 1058, 34 Cal.Rptr.3d 136 (Ct.App. 2005), apply to the facts of this case. Following *Sterling Builders*, we conclude that the policy's "invasion of the right of private occupancy" language cannot provide a basis for coverage because the flooding never physically invaded or actually intruded into the leased premises. *See Sterling Builders*, 93 Cal.Rptr.2d at 702 (concluding that there was no coverage be-

cause the insured party "w[as] not damaged by a trespass, an entry or intrusion").

We conclude also that Captain Blyther's interest in the parking lot was not a sufficient property interest in the parking lot to be covered by the policy, *see, e.g. Nichols v. Great Am. Ins. Co.*, 169 Cal.App.3d 766, 215 Cal.Rptr. 416, 421–22 (Ct.App. 1985), and that the lease entered into by Captain Blyther's expressly precluding eviction claims was not modified by the July 1998 stipulation.

■ Moreover, as the New Hampshire Insurance policy provisions are virtually the same as the policy in *Mirpad*, we conclude that *Mirpad* is an additional basis for denying coverage. The New Hampshire Insurance policy uses the words "person" and "organization" separately and distinctively with the term "person" referring to "natural persons." Therefore, because Captain Blyther's Inc. is not a natural person, "personal injury" coverage is not available. *See Mirpad*, 34 Cal. Rptr.3d at 148 (concluding "person" as used in the definition of "Personal Injury" and throughout the insurance policy means natural person and excludes coverage for corporations).

REVERSED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.